**Jose Esteban ORTIZ, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 05–71686.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

Shan D. Potts, Esq., Robert G. Berke, Esq., Berke Law Offices, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

636

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Jose Esteban Ortiz, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order affirming an immigration judge's removal order. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review de novo questions of law, *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1145 (9th Cir.2002), and we deny the petition for review.

We agree with the agency that the documentation submitted by the government to prove the existence of Ortiz's drug-related convictions was properly certified. 8 U.S.C. § 1229a(c)(3). We are not persuaded by Oritz's contention that he was not sufficiently identified as the defendant to whom these documents pertained.

The record of conviction demonstrates that Ortiz has at least two convictions under California Health and Safety Code § 11350 that "relate to" a controlled substance listed in the federal schedule. *See* 21 U.S.C. § 812 Sched. II(a)(4)(listing cocaine). The agency therefore did not err in concluding that Ortiz failed to establish his eligibility for a discretionary grant of adjustment of status. *See* 8 U.S.C. § 1182(a)(2)(A)(i)(II) (a conviction for violating any state or federal law or regulation "relating to a controlled substance," as defined in 21 U.S.C. § 802(6), renders an alien inadmissible).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

